UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHELLE KEENE, LEANNE BENNETT and THOMAS CREWS,<br><br>Plaintiffs,<br><br>v.<br><br>LOWNDES COUNTY SHERRIF'S OFFICE, et al.,<br><br>Defendants. | Civil Action No. 7:09-cv-00141-(HL) |

## ORDER

Before the Court is Defendant Lowndes County Sheriff's Office Motion to Dismiss. (Doc. 7). For the following reasons, the Defendant's Motion is granted.

### I. PROCEDURAL AND FACTUAL BACKGROUND

In this case, Plaintiffs Keene, Bennett, and Crews seek to hold Defendant Lowndes County Sheriff's Office ("the sheriff's office") liable for damages resulting from their involuntary termination from the sheriff's office. (Complaint, ¶ 9). Plaintiffs allege that they were involuntarily terminated from the sheriff's office because of their political affiliation and support of another candidate for sheriff. (Complaint, ¶ 19). Plaintiffs also contend that the sheriff's office is an unincorporated association and legal

entity capable of being sued. (Complaint, ¶ 9). In response to Plaintiffs' complaint, the sheriff's office filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on January 26, 2010. (Doc. 7).

## II.   ANALYSIS

### a.  Standard of Review

A court accepts all the factual allegations as true when ruling on a motion to dismiss for failure to state a claim upon which relief may be granted. Young Apts., Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008). The complaint must contain some factual allegations in order to provide "fair notice of the nature of the claim" and "the grounds on which the claim rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). These allegations must raise the possibility of relief above a speculation level and provide grounds to infer the elements of the cause of action. Id. at 1965. The complaint need not demonstrate a probability that relief is available; it must simply allege "enough facts to suggest, raise a reasonable expectation of, and render plausible, the elements of the claim." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). The defendant bears the burden of showing that dismissal is appropriate. Beck v. Deloitte & Touche, LLP, 144 F.3d 732, 735 (11th Cir. 1998).

**b. Dismissal of the sheriff's office**

In federal courts, the capacity of an entity of being sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b). Therefore, Georgia law controls in this case.[1] Courts have consistently held that sheriffs' departments in Georgia are not subject to suit. Lawal v. Fowler, 196 Fed. Appx. 765, 768 (11th Cir. Aug. 10, 2006) (citation omitted). The Georgia Supreme Court has explained that "in every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Ga. Insurers Insolvency Pool v. Elbert Co., 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted). A county is designated under the law as a "body corporate," and as such it may sue and be sued. Lowndes County v. Dasher, 191 S.E.2d 82, 84 (1977) (quotation omitted). However, in Georgia the sheriff is a constitutionally created office elected by voters. Ga. Const. Art. 9 § 1, ¶ III(a). The sheriff has the ability to hire staff and deputies, but those individuals work for the sheriff, not the sheriff's office. Keener v. Kimble, 317 S.E.2d 900, 902 (Ga. Ct. App. 1984).

---

[1] Plaintiffs allege that they were involuntarily terminated from the sheriff's office, located in Lowndes County, Georgia. (Complaint, ¶ 14).

Applying Georgia law to the question of whether the sheriff's office is a suable entity, the Court finds that it is not. The sheriff's office is not incorporated, and it is not a quasi artificial person that the law recognizes as being capable to sue. Ga. Insurers Insolvency Pool, 368 S.E.2d at 502. The sheriff's office is a constitutionally created office under Georgia law and therefore cannot be sued in this capacity. Ga. Const. Art. 9 § 1, ¶ III(a). The motion to dismiss the sheriff's office is therefore granted.

### III. CONCLUSION

For the explained reasons, the Motion to Dismiss (Doc. 7) is granted.

**SO ORDERED,** this the 15th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

SPO