IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHELLE KEENE, LEANNE BENNETT, and THOMAS CREWS, <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS PRINE, Individually and in his official capacity as Sheriff of Lowndes County, GA., LOWNDES COUNTY SHERIFF'S OFFICE; and LOWNDES COUNTY, GA., <br><br> Defendant. | Civil Action No. 7:09-cv-141 (HL) |

ORDER

Three Motions are currently before the Court: Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 71), Motion for Jury Trial (Doc. 73), and Motion for Order for Jury Trial (Doc. 75). For the reasons stated below, the Motion for Leave to File Amended Complaint is deemed moot, and the Motions for Jury Trial are granted.

I.  BACKGROUND

The Complaint in this case was filed by Plaintiffs Michelle Keene, Leanne Bennett, and Thomas Crews in December 2009. In the Complaint, Plaintiffs allege that they were wrongfully terminated based on discrimination. This Court granted summary judgment in favor of the Defendants in June 2011 (Doc. 64),

and this decision was later reversed by the Eleventh Circuit. In their appellate decision, the Eleventh Circuit found that summary judgment was not appropriate and remanded this case for proceedings consistent with their opinion. Upon issuance of the Eleventh Circuit mandate, this Court set the case for a jury trial.

The day after the Court set the case for a jury trial, Defendants' counsel wrote a letter to the Court informing the Court that Plaintiffs failed to request a jury trial within the Complaint. Defendants further informed the Court that they did not file a request for a jury trial in the Answer, and thus, Defendants concluded that the case should proceed to a bench trial as opposed to a jury trial.

Plaintiffs immediately responded to Defendants' letter with a Motion to Amend the Complaint. Apparently, Defendants' letter to the Court marked the first time Plaintiffs realized that no jury demand had been made in the case. It is undisputed that Plaintiffs' Complaint did not contain a request for a jury trial within the text of the Complaint. (Doc. 75-1, p. 2.) It is also undisputed that the Civil Cover Sheet, which was filed along with the Complaint, did contain a request for a jury. Id.

II. **ANALYSIS**

Under Federal Rule of Civil Procedure 38, a party must demand a jury trial by: "(1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." FED. R. CIV. P. 38(b). Rule 38 further states that a jury trial is waived unless the demand is

properly served and filed. FED. R. CIV. P.. 38(d). However, Federal Rule of Civil Procedure 39 provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P.. 39(b). Thus, Rule 39 grants courts the discretion to allow for a jury trial even in those cases when proper procedure has not been followed in making a demand for a jury trial.

The Eleventh Circuit has held that "the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983) (internal citations and quotations omitted). The Eleventh Circuit has articulated five factors that should be considered in determining whether to use discretion and grant an untimely request for a jury trial. Those factors include:

> (1) whether the case involves issues which are best tried by a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

Id.

In this case, the first three factors weigh in favor of Plaintiffs. First, this case involves allegations of discrimination, a very fact-intensive claim. To determine if a plaintiff has suffered discrimination, the decision-maker must make a judgment about the motives and intent of the alleged discriminator, an extremely individualized and fact-sensitive inquiry. This type of claim is best

suited for a jury as opposed to a sole decision-maker. Next, looking to the potential disruption to the court's schedule and the potential for prejudice, the Court finds that neither factor weighs in favor of Defendants. This case has not yet been set on the Court's calendar, and the next trial term is still several months away, and thus, Defendants cannot claim that they do not have time to prepare for a trial by jury. Defendants state in their response brief that they would suffer prejudice if this case were allowed to proceed to a jury trial because they would be forced to go through all of the depositions and evidence to prepare motions in limine. (Doc. 81, p. 18.) Yet, the Court is not persuaded that this is a burden too heavy for Defendants to bear. As stated above, the next trial term is several months away, giving Defendants ample time to conduct a thorough review of the documents submitted in this case.

     The last two factors weigh slightly in Defendants' favor. The length of delay between the time when Plaintiffs should have requested a jury trial and when they actually did make their request is admittedly long – almost two-and-a-half years. Further, the reason for the delay is not especially persuasive. Plaintiffs' counsel has admitted that the failure to request a jury trial in the body of the Complaint is simply due to human error. However, while these factors may slightly favor Defendants, the Court finds that they are outweighed by the first three factors and by the overriding importance of a trial by jury in our constitutional framework.

The Seventh Amendment guarantees a right to trial by jury and the importance of this right has been recognized by courts across the nation, including the Supreme Court of the United States. *See* <u>City of Morgantown v. Royal Ins. Co.</u>, 337 U.S. 254, 258, 69 S. Ct. 1067, 1069 (stating that the right to "trial by jury is a vital and cherished right, integral in our judicial system"); *see also* <u>Aetna Ins. Co. v. Kennedy</u>, 301 U.S. 389, 393, 57 S. Ct. 809, 811-12 (determining that "as the right of jury trial is fundamental, [we must] indulge every reasonable presumption against waiver"). A judge in the Middle District of Georgia further noted that the right to a jury trial is "so fundamental that it should not be forfeited based solely upon an honest mistake by counsel." <u>Synovus Trust Co. v. Honda Motor Comp., Ltd.</u>, 223 F.R.D. 699, 702 (M.D. Ga. Aug. 18, 2004). This Court agrees that the right to a jury trial is of utmost important. In cases that call for a balancing test, it is best to err on the side of granting a jury trial.

### III.  CONCLUSION

In sum, when balancing Plaintiffs' failure to properly request a jury trial with Defendants arguments that the right to a jury trial has been waived, this Court finds in favor of Plaintiffs. Defendants have not been able to show any "strong and compelling reason" against allowing this case to proceed to a trial by jury. <u>Parrott</u>, 707 F.2d at 1267. Plaintiffs should not be denied their right to a jury trial based solely on their failure to request a trial within the body of the Complaint.

Thus, Plaintiffs' Motions for Jury Trial (Docs. 73, 75) are granted. Plaintiffs' Motion to Amend (Doc. 71) is deemed moot in light of Plaintiffs' withdrawal of

their argument regarding amending the complaint. This case shall be set for a jury trial in the January 2013 trial term.

**SO ORDERED**, this 9th day of November, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr