IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHELLE KEENE, LEANNE BENNETT, and THOMAS CREWS,<br><br>      Plaintiffs,<br><br>v.<br><br>CHRIS PRINE, Individually and in his official capacity as Sheriff of Lowndes County, GA; LOWNDES COUNTY SHERIFF'S OFFICE; and LOWNDES COUNTY, GA,<br><br>      Defendants. | Civil Action No. 7:09-cv-141 (HL) |

**ORDER**

On January 16, 2013, the Court held a pretrial conference in Valdosta, Georgia. At the hearing, the parties discussed, among other things, pending motions in limine and the schedule for the trial of this case. This Order summarizes some of the findings made at the hearing.

First, Plaintiffs discussed the potential for Exhibit 94 to cause disruption at trial. The Court determined this exhibit would be permissible for impeachment.

Next, the Court addressed Defendants' Motion in Limine regarding Prior Lawsuits (Doc. 89). The parties agreed that no evidence of prior lawsuits would be used. The Motion is withdrawn.

The Court next addressed the Defendants' Motion in Limine to Exclude Comparator Evidence (Doc. 90). The Court reserves this issue for trial.

Defendants have withdrawn their Motion regarding Exhibits 70-85 (Doc. 91) and their Motion regarding Exhibits 86-91 and 104-105 (Doc. 92). The Motions were withdrawn pursuant to Plaintiffs' statement that they do not intend to enter these exhibits into evidence.

Defendants' final Motion in Limine asked the Court to limit evidence about damages due to noncompliance with Federal Rule of Civil Procedure 26 (Doc. 93). The parties agreed that, at this point in the litigation, there are no questions remaining about the damages claimed by Plaintiffs. Therefore, the Motion is denied.

Also discussed by the parties at the pretrial conference was the Court's decision to divide the trial into several stages. First, the parties will try Plaintiffs' claim for retaliation for First Amendment protected speech. Counsel for the parties will each be allowed a ten-minute opening statement. Then each side will present their evidence. There will be no closing arguments after the presentation of evidence on each claim. After the first retaliation claim, the case will move to the second retaliation claim – retaliation for protesting against practices made unlawful under Title VII. The third claim to be tried will be gender discrimination, and the fourth claim will be age discrimination. Each claim will proceed in the same manner as the first claim. At the end of the presentation of evidence on the fourth claim, the parties will each be allowed to give a closing argument. The jury will then deliberate.

Plaintiffs in this case seek punitive damages. As a result, the Court finds that the trial should be bifurcated as to the issue of punitive damages. Therefore, the jury verdict form at the end of the presentation of evidence on the substantive claims will ask the jury whether punitive damages are warranted. After the verdict is read, if the jury answers in the affirmative, the parties will be allowed to make an opening statement on punitive damages, present their evidence, and then give closing arguments. The jury will then be asked to deliberate on the issue of the amount of punitive damages.

If there are any questions about the trial, the parties are encouraged to contact the Court. To summarize, the Motions in Limine have been resolved in the following way:

- Defendants' Motion regarding prior lawsuits (Doc. 89) is withdrawn;
- Defendants' Motion regarding comparator evidence (Doc. 90) is reserved until trial;
- Defendants' Motion regarding exhibits 70-85 (Doc. 91) is withdrawn;
- Defendants' Motion regarding exhibits 86-91 and 104-105 (Doc. 92) is withdrawn; and
- Defendant's Motion to limit evidence of damages (Doc. 93) is denied.

**SO ORDERED**, this 16th day of January, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr